LOREN W. MARSH, Appellant, v. SYLVESTER P. PIERCE, Respondent.

Under the provision of the Code of Civil Procedure (§ 1325), requiring an appeal to this court from a final judgment to be taken within one year after judgment is entered and judgment-roll filed, no notice of the judgment or of its entry is necessary to set the time running.

Where notice of appeal was served after the time had expired, which was immediately returned by respondent's attorney, with an indorsement thereon stating that it was so returned because the appeal was not brought within the time prescribed. *Held*, that the omission of said attorney to return the printed copies of the return served upon him was not a waiver of the objection to the appeal; that having notified appellant's attorney that he did not intend to recognize the appeal he was not bound to continue to return all papers thereafter served.

(Argued June 19, 1888; decided June 26, 1888.)

MOTION to dismiss appeal from judgment of the General Term.

The following is the *mem.* of decision :

" Judgment of affirmance by the General Term was entered in this action February 5, 1885, and the plaintiff did not serve notice of appeal therefrom to this court until the 1st day of

June, 1886, nearly sixteen months thereafter. He has caused a return to be made to this court, has served notice of argument, and has placed the cause upon our new calendar. The defendant has made this motion to dismiss the appeal on the ground that it was not brought within the time prescribed by the Code, section 1325 of which requires an appeal to this court from a final judgment to be taken within one year after the judgment is entered and the judgment-roll filed. That is an absolute limitation, and the time begins to run from the time the final judgment is entered and the roll filed, and no notice of the judgment or of its entry is necessary to set the time running. This is made clear by the subsequent provision in the same section as to appeals to this court from orders of the General Term. It is provided that such appeals must be taken within sixty days after service ' of a copy of the order appealed from and a written notice of the entry thereof," and a similar provision is contained in section 1351 as to appeals to the General Term. It was doubtless supposed, in limiting the time for appeals to this court to one year, that the party desiring to appeal would have ample opportunity to obtain information of the entry of the judgment, without any notice thereof from the other party.

"The counsel for the appellant claims that this motion should be denied on account of the laches of the respondent. The return was filed in this court on the 22d day of July, 1886, and on the 10th day of August, 1886, the appellant served three printed copies of the return on the respondent's attorney, and they were not returned. But the respondent's attorney immediately returned the notice of appeal served on him with a statement indorsed thereon that it was returned because the appeal was not brought within the time required by the Code. That was a distinct notice to the appellant's attorney that his appeal was too late, and that the respondent did not mean to recognize the same, and the appellant could not thereafter take any further steps upon the appeal with any expectation that the respondent would waive the objection he had made. Having taken his stand and notified the appellant's attorney thereof, the respondent's attorney was not

bound to continue to return all the papers which the appellant's attorney chose thereafter to serve upon him, and he did not waive the objection he had made to the appeal by retaining copies of the printed case, which no act of his had caused or induced the appellant to print. When the attorney subsequently noticed the cause for argument, the respondent's attorney immediately returned the notice with a statement that it was returned because the notice of appeal was not served in time.

"We are, therefore, of opinion that the motion should be granted, and the appeal dismissed, with costs."

*William C. Anderson* for motion.

*Cornelius E. Stephens* opposed.

EARL, J., reads *mem.* for granting motion.
All concur.
Appeal dismissed.